UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA

CASE NO.:

SG FAMILY INVESTMENTS,
LLC, a Florida Limited Liability
Company; HECTOR COLLAZO
CANEDO, an Individual;
MANUEL SANCHEZ
NAVARRO, an Individual;
NELSON VASCONCELOS, an
Individual; PEDRO RAFAEL
TRIAS BETANCOURT, an
individual; T. TRANSPORTA,
INC., a Florida Profit
Corporation; DIANA
MERCEDES CAMARIPANO
CARBALLO, an individual;
CARLOS LONGO BIXIO, an
individual; and MANUEL
CARVALHO, an Individual

       Plaintiffs,

v.

ARGYLE COIN, LLC, a Florida
Limited Liability Company;
EAGLE FINANCIAL
DIAMOND GROUP, a Florida
Corporation; JOSE AMAN, an
Individual; and XIOMARA
AMAN, an Individual;
HAROLD SEIGEL, an
Individual; and JONATHAN
SEIGEL, an Individual.

       Defendants.

## COMPLAINT FOR DAMAGES, EQUITABLE RELIEF AND INJUNCTIVE RELIEF

    Plaintiffs, SG FAMILY INVESTMENTS, LLC, a Florida Limited Liability Company;

HECTOR COLLAZO CANEDO, an Individual; MANUEL SANCHEZ NAVARRO, an Individual; NELSON VASCONCELOS, an Individual; PEDRO RAFAEL TRIAS BETANCOURT, an individual; T. TRANSPORTA, INC., a Florida Profit Corporation; DIANA MERCEDES CAMARIPANO CARBALLO, an individual; CARLOS LONGO BIXIO, an individual; and MANUEL CARVALHO, an Individual (hereinafter "Plaintiffs"); sue Defendants, ARGYLE COIN, LLC, a Florida Limited Liability Company; EAGLE FINANCIAL DIAMOND GROUP, a Florida Corporation; JOSE AMAN, an Individual; XIOMARA AMAN, an Individual; HAROLD SEIGEL, an Individual; and JONATHAN SEIGEL, an Individual (hereinafter "Defendant"), for money damages and as grounds allege:

## I.     PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, SG FAMILY INVESTMENTS, LLC, is a Florida Limited Liability Company, with its principal place of business in Weston, Florida.

2.     Plaintiff, HECTOR COLLAZO CANEDO, is an individual over eighteen years of age, residing in Miami, Florida, and is otherwise *sui juris*.

3.     Plaintiff, MANUEL SANCHEZ NAVARRO, is an individual over eighteen years of age, residing in Weston, Florida, and is otherwise *sui juris*.

4.     Plaintiff, NELSON VASCONCELOS, is an individual over eighteen years of age, residing in Venezuela, and is otherwise *sui juris*.

5.     Plaintiff, PEDRO RAFAEL TRIAS BETANCOURT, is an individual over eighteen years of age, residing in Venezuela, and is otherwise *sui juris*.

6.     Plaintiff, T. TRANSPORTA, INC., is a Florida Profit Corporation, with its principal place of business in Miami, Florida.

7.     Plaintiff, DIANA MERCEDES CAMARIPANO CARBALLO, is an individual over eighteen years of age, residing in Venezuela, and is otherwise *sui juris*.

8.     Plaintiff, CARLOS LONGO BIXIO, is an individual over eighteen years of age, residing in Venezuela, and is otherwise *sui juris*.

9.     Plaintiff, MANUEL CARVALHO, is an individual over eighteen years of age, residing in Venezuela, and is otherwise *sui juris*.

10.     At all times material, Defendant, ARGYLE COIN, LLC (hereinafter "ARGYLE"), was and is a Florida Limited Liability Company, which has solicited the sale and has sold securities in Palm Beach County, Florida to residents of Miami Dade County, Broward County, Florida and of Venezuela, and is otherwise *sui juris*.

11.     At all times material, Defendant, EAGLE FINANCIAL DIAMOND GROUP (hereinafter "EFDG"), was and is a Florida Corporation, which has solicited the sale and has sold securities in Palm Beach County, Florida to residents of Broward County, Florida and to Venezuelan nationals, and is otherwise *sui juris*.

12.     At all times material, Defendant, JOSE AMAN, acting in his Individual capacity and as a Principal of Defendant, ARGYLE, solicited the sale and procured the purchase of securities in Palm Beach County, Florida to residents of Miami Dade County, Broward County and to Venezuelan nationals, and he resides in Palm Beach County and is otherwise *sui juris*.

13.     At all times material, Defendant, XIOMARA AMAN, acting in her Individual capacity and as a Principal of Defendant, ARGYLE, solicited the sale and procured the purchase of securities in Palm Beach County, Florida to residents of Miami Dade County, Broward County and to Venezuelan nationals, and she resides in Palm Beach County and is otherwise *sui juris*.

14.     At all material times, ARGYLE maintained an office in, and conducted business from, Palm Beach County, Florida.

15.     At all times material, Defendant, HAROLD SEIGEL, acting in his Individual

capacity and as a Principal of Defendant, ARGYLE, solicited the sale and procured the purchase of securities in Palm Beach County, Florida to residents of Miami Dade County, Broward County and to Venezuelan nationals, and he resides in Broward County, is otherwise *sui juris*.

16.     At all times material, Defendant, JONATHAN SEIGEL, acting in his Individual capacity and as a Principal of Defendant, ARGYLE, solicited the sale and procured the purchase of securities in Palm Beach County, Florida to residents of Miami Dade County, Broward County and to Venezuelan nationals, and he resides in Broward County, Florida and is otherwise *sui juris*.

17.     There may be other parties who are not named as Defendants herein, but who may be liable to the Plaintiffs. By not naming such parties at this time, the Plaintiffs are not waiving their right to amend to add such parties, should the facts warrant.

18.     This is an action for damages, a declaration of rights, injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Securities Act of 1933 at §§ 5(a), 5(b),10, 11, 12(a)(1), 12(a)(2), 17(a)(1), 17(a)(2), 17(a)(3), 22, 27, 15 U.S.C. §§ 77(b), 77(v) 78(j); the Securities Act of 1934 at §§10(b)-5b; and the Florida Securities Investor Protection Act §§ 517.011, 517.021, 517.301, 517.07, 517.081, 517.1215, 517.211 and 517.241.

19.     The Court has original jurisdiction over Plaintiffs' claims arising under Securities Act of 1933 at §§ 22 and 27 and pursuant to 28 U.S.C. § 1331 and ancillary jurisdiction over the violation of the Florida Securities Investor Protection Act pursuant to 28 U.S.C. § 1367.

20.     The Court has jurisdiction over this matter pursuant to Securities Act of 1933 at § 22, 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right.

21.     Venue is properly located in the Southern District of Florida because Defendants' solicited, procured and raised close to $30 million in what are ostensibly securities to residents of

Broward County, Florida, and because a substantial part of the events or omissions giving rise to this cause of action occurred in Palm Beach County, Florida.   All moneys owed to the Plaintiffs were additionally due and were required to be received in Broward County, Florida.

## II.      GENERAL FACTS

22.     This Action involves cryptocurrency fraud schemes by ARGYLE, EFDG and its principals.

23.     Amongst the principle co-conspirators is HAROLD SEIGEL (JONATHON SEIGEL's father) JONATHAN SEIGEL (HAROLD SEIGAL's son), JOSE AMAN and XIOMARA AMAN (JOSE AMAN's sister).

24.     The Plaintiffs are not computer programmers, jewelers or otherwise involved in the technology business or the diamond industry; Plaintiffs are not experienced investors and to the contrary are novices at best in regards to investments, securities, and cryptocurrencies.

25.     The Plaintiffs are each from Venezuela, although most have fled that country seeking refuge in the United States because of the ongoing human rights violations and communist takeover by a brutal regime.   Each is attempting to reinvest money salvaged from their businesses and savings in order to secure their families' futures and start a new life in safety in the United States.

26.     EFDG purportedly buys and sells high-end "fancy colored diamonds" allegedly worth between seven (7) and eight (8) figures. EFDG pitches investors in, among other places, the U.S. and Canada, where Harold has had for many years a significant presence as a purported diamond expert on Canadian broadcasts and on podcasts, to invest in the company and its purported rare colored diamonds with purported guaranteed returns of monthly interest and a guaranteed ultimate repayment of the initial principal investment amount with a guaranteed return.

27.    EFDG represented that every dollar invested would be matched with an equal dollar amount of hard asserts such as diamonds or jewelry held in a safety deposit box for the benefit of investors.

28.    EFDG sold unregistered securities to Plaintiffs T. TRANSPORTA, INC. and DIANA MERCEDES CAMARIPANO CARBALLO. A copy of the contracts entered into between the Defendants and T. TRANSPORTA, INC. and DIANA MERCEDES CAMARIPANO CARBALLO are attached hereto as **Composite Exhibit A**.

29.    EFDG and its principals overstated their experience in the diamond and jewelry businesses to lure investors into trusting EFDG and its principals with their investment.

30.    The SEIGELS and the AMANS personally and on behalf of EFDG, respectively verbally and in writing represent to investors in general, and to the individual Plaintiffs in this Action from May 2017 through September 2018, the following:

(i)    EFDG is adequately funded and secure every investor's investment amount;

(ii)    For every dollar invested, EFDG match that amount with hard assets; including jewelry and diamonds, in a trust account safety deposit box at a local bank or in a bank in New York City;

(iii)    EFDG consistently buy and sell diamonds and jewelry to timely provide promised returns to investors;

(iv)    If EFDG sells a diamond, it can replace the sold diamond with another diamond of extraordinary value to maximize profits for investors and further secure every investor's investment dollar-for-dollar;

(v)    As of the Plaintiffs' investments, EFDG had millions in diamonds as security for paying the Plaintiffs and other investors in their corporate's safety deposit box(es);

6

(vi)     Although the millions in diamonds could fluctuate with the buying and selling of diamonds, EFDG would remain properly funded;

(vii)     EFDG promised to sell the diamonds kept in the safety deposit box(es), if necessary, to timely repay the Plaintiffs original investments and promised high yield returns; and

(viii)     Although investing in diamonds is low risk, EFDG has taken proper measures, to include securing their assets with a ten million dollar ($10,000,000) insurance policy) and at all times a minimum of insurance totaling one hundred and twenty percent (120%) of the capital invested, to essentially make investing in either no risk.

31.     These representations by the SEIGELS and the AMANS are grossly exaggerated or entirely false, made to continue to fuel their Ponzi Scheme and each individual Defendant and co-conspirator knew the representations false each time that each of them communicated them to the Plaintiffs between May 2017 and September 2018.

32.     The SEIGELS and the AMANS operated a multi-tiered ponzi scheme and after defrauding investors through EFDG, the SEIGELS and the AMANS came up with ARGYLE to continue to take monies from investors and channel it through their multi-tiered scheme.

33.     ARGYLE purportedly is a secure cryptocurrency backed by a $25 million performance bond and real world "fancy colored diamonds."

34.     The supposed cryptocurrency was also called "RGL" and "RGL Tokens" by ARGYLE and its principals.

35.     ARGYLE pitches investors in, among other places, the U.S. and Canada, where Harold has had for many years a significant presence as a purported diamond expert on Canadian broadcasts and on podcasts, including Bloomberg News, even to invest in the company and its purported secure cryptocurrency with purported guaranteed returns of

investment.

36.     ARGYLE and its principals sold unregistered securities to Plaintiffs SG FAMILY INVESTMENTS, LLC, HECTOR COLLAZO CANEDO, MANUEL SANCHEZ NAVARRO, NELSON VASCONCELOS, PEDRO RAFAEL TRIAS BETANCOURT, CARLOS LONGO BIXIO, and MANUEL CARVVALHO. A copy of the contracts is attached hereto as **Composite Exhibit B**.

37.     ARGYLE used technical jargon to promote the Ponzi scheme. Using so called "smart contracts" to promote the coin and claiming that the investment was correlated with a real-world product, "fancy colored diamonds." ARGYLE also assured investors that the coin was not susceptible to hackers and would be verified through a "digital provenance by blockchain."

38.     ARGYLE and its principals used the likeness and name of Plaintiffs PEDRO RAFAEL TRIAS BETANCOURT and CELSO SANCHEZ on its website as "advisors" to promote the cryptocurrency. Even though neither PEDRO RAFAEL TRIAS BETANCOURT nor CELSO SANCHEZ ever authorized the use of the likeness or name and had no official position or authority within ARGYLE. PEDRO RAFAEL TRIAS BETANCOURT and CELSO SANCHEZ were never informed of ARGYLE'S decision to include their image and names on the website.

39.     ARGYLE's principals assured Plaintiffs that the investment in the cryptocurrency would be secured with a "guarantee bond" that would keep their investment secure and therefore their investment would be "risk free."

40.     To lure the Plaintiffs and ultimately induce them to purchase these unregistered cryptocurrency securities, the individual Defendants (the SEIGELS and the AMANS) grossly misrepresented their own experience in the diamond industry, the amount of capital invested into the Defendant corporations, the bonds that purportedly backed the scheme, the anticipated

dividends due to investors, the significant increase in the future valuation of the diamonds being offered to the investors, and the magnitude of investors (other than the Plaintiffs) that were "in line" to take advantage of this "opportunity," if the Plaintiffs did not immediately do so themselves.

41.     The AMANS personally and on behalf of ARGYLE, respectively verbally and in writing represent to investors in general, and to the individual Plaintiffs in this Action:

> (i)     ARGYLE was adequately funded and would secure every investor's investment amount via a guarantee bond;
>
> (ii)     ARGYLE coin is secured by a guarantee bond of $25 million ($25,000,000) and 60% of the funds raised in the "initial coin offering" ("ICO") would be kept in the vaults of Malca-Amit;
>
> (iii)     Once the ICO raises $25 million ($25,000,000), ARGYLE would also purchase a $1 million ($1,000,000) dollar annuity to wind up the proceedings of the company should it become necessary;
>
> (iv)     Early investor deposits will be held in escrow pending the availability of the RGL Tokens;
>
> (v)     Plaintiffs would receive an eight percent (8%) return on their investment in the first year, and should they continue to keep the tokens in "cold storage" would receive an additional two percent (2%) at the end of twenty (24) months;
>
> (vi)     Any pre-ICO investor will have the right to redeem the original value of the investment for the original price paid in five (5) years if ARGYLE creases to exist, or the market value of the coin never exceeds $49.99 on any one-day period within the 5 years;
>
> (vii)     The Plaintiffs would have access to a digital wallet available on ARGYLE's website that would allow them to access their investment funds in the forms of

ARGYLE Coins;

(viii)   Although investing in diamonds is low risk, ARGYLE has taken proper measures, to include securing their assets with a $25 million ($25,000,000) in a guarantee bond and of 60% of the capital invested during the ICO would be used to purchase additional diamonds that will be readily available to pay investors wishing to sell, to essentially make investing in ARGYLE no risk.

42.    These representations by the SEIGELS and the AMANS are grossly exaggerated or entirely false, made to continue to fuel their Ponzi Scheme and each individual Defendant and co-conspirator knew the representations false each time that each of them communicated them to the Plaintiffs between October 2017 and approximately January 2019.

43.    A copy of the "white paper" published by ARGYLE is attached hereto as **Exhibit C.**

44.    The individual Plaintiffs invested in ARGYLE and EFDG for the following amounts on the following dates:

| Investor Name | Aliases | Amount | Date of Investment | Entity |
|---|---|---|---|---|
| SG Family Investments, LLC | (Celso Sanchez as Manager signed) | $100,000 | April 17, 2018 | Argyle Coin |
| SG Family Investments, LLC | (Celso Sanchez as Manager signed) | $20,000 | April 17, 2018 | Argyle Coin |
| Hector Collazo Canedo | Hector Collazo Canedo | $10,000 | July 24, 2018 | Argyle Coin |
| Hector Collazo Canedo | Hector Collazo Canedo | $5,000 | September 20, 2018 | Argyle Coin |
| Manuel Sanchez Navarro | Manuel Sanchez Navarro | $10,000 | July 31, 2018 | Argyle Coin |
| Nelson Vaconcelos | Nelson Vaconcelos | $10,000 | May 18, 2018 | Argyle Coin |
| Manuel Carvalho | Manuel Carvalho | $30,000 | March 27, 2018 | Argyle Coin |
| Pedro Rafael Trias Betancourt | Pedro Trias | $500,000 | February 15, 2018 | Argyle Coin |
| Carlos Longo Bixio | Carlos Longo Bixio | $100,000 | October 13, | Argyle Coin |

| | | | 2018 | |
|---|---|---|---|---|
| T. Transporta, Inc. | Pedro Trias | $200,000 | February 15, 2018 | Eagle Financial Diamond Group |
| Diana Mercedes Camaripano Carballo | Diana Camaripano | $100,000 | August 10, 2017 | Eagle Financial Diamond Group |
| Diana Mercedes Camaripano Carballo | Diana Camaripano | $220,000 | March 14, 2018 | Eagle Financial Diamond Group |

45.     The Plaintiffs were never provided with any real financial statements reflecting actual company assets and ongoing or planned operations of ARGYLE or EFDG, at or prior to their "purchase" of these unregistered securities and to this day have yet to receive these documents or any financials (as promised by the SEIGELS and AMANS). In fact, the documents that were given to them by SEIGELS and the AMANS at the time of purchase constitute further misrepresentations, as the documents have conflicting information (both to other documents and as to promises made by the SEIGELS and the AMANS, when inducing the Plaintiffs to purchase these investments/securities). Despite numerous requests from the Plaintiffs, the Defendants have never provided any Plaintiff with any documentation indicating where their investment monies were deposited or how they were applied or allowed to view the diamonds they purchased or the safe deposit boxes allegedly holding "millions of dollars in diamonds and jewelry."

46.     Plaintiffs have also never been given access to their respective "digital wallets" which purportedly contained their investment in the form of Argyle Coins.

47.     Defendant ARGYLE promised that they would pay the Plaintiffs an eight percent (8%) compensation during the twelve (12) month period the tokens were kept in "cold storage" and a two percent (2%) dividend on their investments that were to be dispersed at the end of a 24-month period.

48.     After being questioned by the Plaintiffs in mid to late 2018 about the promised returns and dividends on their investments, JOSE AMAN, then promised that end of Investor Agreement dividends would be paid prior to the year's end in 2018.  JOSE AMAN made his promise in bad faith, in order to buy some time to secure other investors' money and use that money to pay back the Plaintiffs in what appears to be a classic Ponzi Scheme.   Neither he nor Defendants, HAROLD SEIGEL, JONATHAN SEIGEL, XIOMARA AMAN, or ARGYLE kept their promise(s) on their (and his) behalf to pay these dividends, original investments and the investment interest amounts to the Plaintiffs, or grant them access to their digital wallets and not to date made any such payments.

49.     ARGYLE has failed to cure their default of all of the contracts entered into with the Plaintiffs and therefore has failed to pay any Plaintiff any interest amount and/or the invested principal amounts after defaulting on each contract.

50.     The Plaintiffs have made a demand for all moneys owed to them by the Defendants.

51.     The Plaintiffs bring this lawsuit to get back not only their initial investment moneys, but also their owed interest on their invested funds, as per their contracts, and their owed attorneys' fees and costs incurred in bring forth this Action.

52.     Furthermore, no documentation has ever been provided to the Plaintiffs, with respect to their investment(s), diamond or jewelry marking activities being performed, or the financial position of ARGYLE, since the date of the Plaintiffs' "purchase" of the diamonds/unregistered securities, despite the Defendants' legally required duty to provide this information and many requests from the Plaintiffs. Defendants have deliberately kept the Plaintiffs, who are unsophisticated investors, in the dark about the ARGYLE enterprise and their investment.

53.     When ARGYLE and EFDG failed to pay the principal investments, interest, and

dividends as promised, the investors/Plaintiffs, on numerous occasions have demanded a return of their investment(s). In response to the JOSE AMAN demand for return of their investment(s), AMAN has responded with a slew of different text messages and emails stalling for time, a clear indication of what amounts to be a classic Ponzi scheme.  To date, the Plaintiffs have yet to receive a return of their initial investment(s), nor any interest or dividends as promised by Defendants.

54.      Through their conduct, the Defendants, are each in violation of the anti-fraud and registration provisions of the federal securities laws, and the anti-fraud and registration provisions of the State of Florida securities laws.   Based on the nature of their violations and the scienter the Defendants have demonstrated throughout their willful and wanton disregard for the federal and State of Florida securities laws, the Plaintiffs are entitled to an award of the civil remedies being requested in this Complaint, attorneys' fees and costs, and any other relief this Honorable Court deems just and proper.

55.      All conditions precedent to the maintenance this Action have occurred, have been performed by Plaintiffs, or have been waived by the actions or inactions of the Defendants.

## COUNT I.   SALE OF UNREGISTERED SECURITIES IN VIOLATION OF §§ 5(A) AND 5(C) OF THE SECURITIES ACT OF 1933 AS TO EFDG

56.      Plaintiffs, T. TRANSPORTA, INC. and DIANA MERCEDES CAMARIPANO CARBALLO, restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the Complaint, as though fully set forth herein.

57.      No registration was filed or in effect with the Securities Exchange Commission (the "SEC") pursuant to the Securities Act of 1933 and no exemption from registration exists with respect to the securities and transactions described in this Complaint.

58.      Defendants, EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, since on or about May of 2017 through the present, directly or indirectly

have: (a) made use of or of the means of transportation in interstate commerce or of the mails or instruments of transportation or communication in interstate commerce or of the mails to securities; (b) carried securities or caused such securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose or delivery after sale; and (c) made use the means of transportation in interstate commerce or of the mails to offer to sell or offer to buy securities, without a registration statement having been filed or of being in effect with the SEC as to such securities.

59.     By reason of the foregoing, Defendants, EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, have directly or indirectly violated §§ 5(a) and 5(c) of the Securities Act of 1933 and have damaged the Plaintiffs directly and proximately as a result of these violations.

WHEREFORE, Plaintiffs are entitled to recover and demand payment of any and all damages suffered as a result, to include the rescission of the unregistered securities sold to Plaintiffs and a return of their capital investment(s), any and all resulting monetary damages, attorneys' fees and costs and any other relief deemed just and proper by this Court.

## COUNT II.   FRAUD IN VIOLATION OF 10(B) AND RULE 10B-5(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AS TO EFDG

60.     Plaintiffs, T. TRANSPORTA, INC. and DIANA MERCEDES CAMARIPANO CARBALLO, restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the Complaint, as though fully set forth herein.

61.     Defendants, EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, since on or about May 2017 through present, directly or indirectly by use of the means and instrumentalities of interstate commerce, and of the mails in connections with purchase or sale of securities, knowingly, willingly or recklessly have: (a); employed devises,

14

schemes or artifices to defraud; (b) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices and courses of business which have operated, are now operating and will operate as a fraud upon the purchasers of such securities.

62.     By reason of the foregoing, Defendants, EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, have directly or indirectly violated §§ 10(b) of the Securities Act of 1934 and Exchange Act Rule 10B-5(b) [15 U.S.C. § 240.10b-5] and have damaged the Plaintiffs directly and proximately as a result of these violations.

WHEREFORE, Plaintiffs are entitled to recover and demand payment of any and all damages suffered as a result, to include rescission of the unregistered securities sold to Plaintiff and a return of their capital investment(s), any and all lawful interest that the Plaintiffs may be entitled to, attorneys' fees and costs, and any other relief deemed just and proper by this Court.

## COUNT III.   FRAUD IN VIOLATION OF 10(B) AND RULE 10B-5(A) AND (C) OF THE SECURITIES EXCHANGE ACT OF 1934 AS TO EFDG

63.     Plaintiffs, T. TRANSPORTA, INC. and DIANA MERCEDES CAMARIPANO CARBALLO restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the Complaint, as though fully set forth herein.

64.     Defendants, EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, since on or about May of 2017 through present, directly or indirectly by use of the means and instrumentalities of interstate commerce, and of the mails in connections with purchase or sale of securities, knowingly, willingly or recklessly employed schemes or artifices to defraud or engaged in acts, practices, or courses of business which operate or could operate as a fraud or deceit upon any person.

65.     By reason of the foregoing, Defendants, EFDG, JOSE AMAN, XIOMARA

AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, have directly or indirectly violated §§ 10(b) of the Securities Act of 1934 and Exchange Act Rule 10B-5(a) and (c) [15 U.S.C. § 240.10b-5] and have damaged the Plaintiffs directly and proximately as a result of these violations.

WHEREFORE, Plaintiffs are entitled to recover and demand payment of any and all damages suffered as a result, to include rescission of the unregistered securities sold to Plaintiffs and a return of their capital investment(s), any and all lawful interest that the Plaintiffs may be entitled to, attorneys' fees and costs, and any other relief deemed just and proper by this Court.

## COUNT IV.   FRAUD IN VIOLATION OF 17(A)(1) AND (3) OF THE SECURITIES EXCHANGE ACT AS TO EFDG

66.       Plaintiffs, T. TRANSPORTA, INC. and DIANA MERCEDES CAMARIPANO CARBALLO, restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the Complaint, as though fully set forth herein.

67.       Defendant, EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, since on or about May of 2017 through present, directly or indirectly by use of the means and instrumentalities of interstate commerce, and of the mails in connections with purchase or sale of securities, knowingly, willingly or recklessly employed schemes or artifices to defraud or engaged in acts, practices, or courses of business which operate or could operate as a fraud or deceit upon any person.

68.       By reason of the foregoing, Defendants EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, have directly or indirectly violated §§ 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1) and (a)(3)] and have damaged the Plaintiffs directly and proximately as a result of these violations.

WHEREFORE, Plaintiffs are entitled to recover and demand payment of any and all damages suffered as a result, to include rescission of the unregistered securities sold to Plaintiff and a return

of their capital investment(s), any and all lawful interest that the Plaintiffs may be entitled to, attorneys' fees and costs, and any other relief deemed just and proper by this Court.

### COUNT V.   FRAUD IN VIOLATION OF 17(A)(2) OF THE SECURITIES EXCHANGE ACT AS TO EFDG

69.     Plaintiffs, T. TRANSPORTA, INC. and DIANA MERCEDES CAMARIPANO CARBALLO, restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the Complaint, as though fully set forth herein.

70.     Defendants, EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, since on or about May of 2017 through present, directly or indirectly by use of the means and instrumentalities of interstate commerce, and of the mails in connection with purchase or sale of securities, knowingly, willingly or recklessly employed schemes or artifices to defraud or engaged in acts, practices, or courses of business which operate or could operate as a fraud or deceit upon any person.

71.     By reason of the foregoing, Defendants, EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL have directly or indirectly violated §§ 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)] and have damaged the Plaintiffs directly and proximately as a result of these violations.

WHEREFORE, Plaintiffs are entitled to recover and demand payment of any and all damages suffered as a result, to include rescission of the unregistered securities sold to Plaintiffs and a return of their capital investment(s), any and all lawful interest that the Plaintiffs may be entitled to, attorneys' fees and costs, and any other relief deemed just and proper by this Court.

### COUNT VI. FLORIDA SECURITIES REGISTRATION VIOLATION-RESCISSION AS TO EFDG

72.     Plaintifs, T. TRANSPORTA, INC. and DIANA MERCEDES CAMARIPANO CARBALLO, restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the

Complaint, as though fully set forth herein.

73.     This is an Action against Defendants, EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, seeking rescission pursuant to FLA. STAT. § 517.211(1) for failure to register the securities sold to the Plaintiffs.

74.     The securities sold to the Plaintiffs are securities under Florida law, and the transactions through which the sales occurred were not exempt transactions because of the failure to meet the requirements of FLA. STAT. § 517.061(11) with regard to such sales.

75.     The Defendants intended to sell the securities to Plaintiffs without registering them with the Florida Office of Financial Regulation, by claiming that the securities would be sold through exempt transactions, to include but not limited to knowingly and falsely claiming that the Plaintiffs were sophisticated investors.

76.     However, the Defendants failed to satisfy all statutory requirements for the sale of an exempt security under Florida law, thereby giving each of the Plaintiffs the right to demand the rescission of their respective purchases of shares that currently are owned by each Plaintiff.

77.     The following violations of FLA. STAT. § 517.061(11) occurred, each of which when proven shall independently support the remedy of rescission pursuant to:

        a.     Failure to provide any of the Plaintiffs, or give reasonable access to, full and fair disclosure of all material information underlying the investments in accordance with FLA. STAT. § 517.061(11)(a)3, in as much as the Defendants have failed to provide Plaintiffs with any documentation in support of the nature of their investment(s), the actual use of the funds invested by Plaintiffs, the financial standing of the company from which the alleged securities were being sold;

        b.     Failure to provide any of the Plaintiffs with the Notice of Three (3) Day Right

of Rescission, as there were sales to more than five (5) persons in Florida pursuant to FLA. STAT. § 517.061(11)(a)5.

78.     Pursuant to FLA. STAT. § 517.211(1), each of the Plaintiffs demand rescission of their respective shares of the securities and hereby tender their interests in at least the following certificates to Defendants Plaintiffs are each entitled to recover the consideration paid for the securities, plus interest thereon at the legal rate.

79.     Defendants are liable, jointly and severally, to Plaintiffs either directly or indirectly, for the acts alleged in this Complaint as:

80.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL was an employee, owner or agent of EFDG;

        a.     JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL held himself as officers of EFDG;

        b.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, held themselves out to have the legitimate authority to sell the securities purchased and close the transaction on behalf of EFDG;

        a.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, managed or operated the entities created for the investments;

        c.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and

        a.     JONATHAN SEIGEL, participated in the sale of securities;

        b.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, aided in making the sale of the securities; and

        d.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and

        e.     JONATHAN SEIGEL, and/or EFDG were the seller of the securities.

81.     Pursuant to FLA. STAT. § 517.211(6), Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees for their successful prosecution of these claims.

WHEREFORE, the Plaintiffs demand judgment for rescission against Defendants, jointly and severally, including recovery of monies paid for purchases of securities, interest, costs, attorneys' fees and costs, and any other relief deemed just and proper by this Court.

## COUNT VII.   FLORIDA SECURITIES FRAUD AGAINST DEFENDANTS SEEKING DAMAGES AS TO EFDG

82.     Plaintiffs, T. TRANSPORTA, INC. and DIANA MERCEDES CAMARIPANO CARBALLO, restate and incorporate by reference the allegations set forth in paragraphs 1-55.

83.     This is an Action for violations of FLA. STAT. § 517.301, pursuant to FLA. STAT. § 517.211(2).

84.     The shares in EFDG constitute a security under Florida law.

85.     Defendants, JOSE AMAN, JONATHON SEIGEL, and HAROLD E. SEIGEL, each as an Individual and as an officer, director, and as an alleged majority shareholder of EFDG, made false representations to the Plaintiffs or omitted key investment information, including but not limited to that:

a.      Plaintiffs' investment capital was not at risk;

b.      Plaintiffs would receive a twenty percent (20%) to thirty percent (30%) return within three (3) to four (4) months;

c.      That the securities were properly registered or exempt from registration;

d.      That EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL would provide each Plaintiff with detailed financial accountings for their investments;

e.       That the individual Defendants had experience in the diamond and jewelry

20

business, such as the ones the Plaintiffs were investing in.

f.      The actual real operating history of EFDG COIN LLC, was fraudulently exaggerated by the individual Defendants.

g.      Potential increases in development and diamond development costs;

h.      Adverse changes in the general economic conditions that would affect the investment;

i.      Changes in applicable government regulations and applicable laws;

j.      The financial structure of EFDG, to include the reliance upon other investors to pay promised dividends or buy back shares (i.e. that it was basically a fraudulent Ponzi Scheme);

k.      The Plaintiffs' rights of rescission; and

l.      The real liquidity in the Plaintiffs' investment and actual use of their funds.

86.      The false representations and omissions were material to the Plaintiffs' decisions to invest and purchase securities.

87.      JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL knew or should have known, in the exercise of reasonable care, that the misrepresentations and omissions were false and materially misleading.

88.      JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL knew or should have known, that he had a duty to disclose accurate and complete information.

89.      JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL caused the omission of accurate complete information.

90.      JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN

SEIGEL intended that the Plaintiffs rely on the representations and omissions.

91.     Plaintiffs justifiably relied to their detriment and changed their economic positions based on the representations and /or omissions.

92.     Based on the foregoing allegations EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, either directly or indirectly, employed a device scheme, and artifice to defraud the Plaintiffs in connection with the offer and sale of the shares, which are securities under Florida law, in violation of FLA. STAT. § 517.301(1)(a)1.

93.     EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL's collective and individual actions violated FLA. STAT. § 517.301(1)(a)2 because they (JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL as agents for EFDG used untrue statements of material fact and omitted material facts necessary in order to make the actual statements made seem misleading, in light of the trust from the Plaintiffs intentionally cultivated by JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL.

94.     EFDG, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL's actions violated FLA. STAT. § 517.301(1)(a)3 because those actions resulted in Defendants engaging transactions, practices, or the course of business which operated as a fraud or deceit upon the Plaintiffs.

95.     Plaintiffs are entitled to recover the consideration paid for the securities plus interest thereon at the legal rate.

96.     Pursuant to FLA. STAT. § 517.211(6), Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees for their successful prosecution of these claims.

WHEREFORE, the Plaintiffs demand judgment for rescission against Defendants, jointly and severally, including recovery of monies paid for purchases of securities, interest, costs,

attorneys' fees and costs, and any other relief deemed just and proper by this Court.

## COUNT VIII.   SALE OF UNREGISTERED SECURITIES IN VIOLATION OF §§ 5(A) AND 5(C) OF THE SECURITIES ACT OF 1933 AS TO ARGYLE

97.     Plaintiffs, SG FAMILY INVESTMENTS, LLC, HECTOR COLLAZO CANEDO, MANUEL SANCHEZ NAVARRO, NELSON VASCONCELOS, PEDRO RAFAEL TRIAS BETANCOURT, CARLOS LONGO BIXIO, and MANUEL CARVVALHO, restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the Complaint, as though fully set forth herein.

98.     No registration was filed or in effect with the Securities Exchange Commission (the "SEC") pursuant to the Securities Act of 1933 and no exemption from registration exists with respect to the securities and transactions described in this Complaint.

99.     Defendants, ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, since on or about October of 2017 through the present, directly or indirectly have: (a) made use of or of the means of transportation in interstate commerce or of the mails or instruments of transportation or communication in interstate commerce or of the mails to securities; (b) carried securities or caused such securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose or delivery after sale; and (c) made use the means of transportation in interstate commerce or of the mails to offer to sell or offer to buy securities, without a registration statement having been filed or of being in effect with the SEC as to such securities.

100.     By reason of the foregoing, Defendants, ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, have directly or indirectly violated §§ 5(a) and 5(c) of the Securities Act of 1933 and have damaged the Plaintiffs directly and proximately as a result of these violations.

WHEREFORE, Plaintiffs are entitled to recover and demand payment of any and all damages suffered as a result, to include the rescission of the unregistered securities sold to Plaintiffs and a return of their capital investment(s), any and all resulting monetary damages, attorneys' fees and costs and any other relief deemed just and proper by this Court.

## COUNT IX.   FRAUD IN VIOLATION OF 10(B) AND RULE 10B-5(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AS TO ARGYLE

101.    Plaintiffs, Plaintiffs, SG FAMILY INVESTMENTS, LLC, HECTOR COLLAZO CANEDO, MANUEL SANCHEZ NAVARRO, NELSON VASCONCELOS, PEDRO RAFAEL TRIAS BETANCOURT, CARLOS LONGO BIXIO, and MANUEL CARVVALHO, restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the Complaint, as though fully set forth herein.

102.    Defendants, ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, since on or about October 2017 through present, directly or indirectly by use of the means and instrumentalities of interstate commerce, and of the mails in connections with purchase or sale of securities, knowingly, willingly or recklessly have: (a); employed devises, schemes or artifices to defraud; (b) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices and courses of business which have operated, are now operating and will operate as a fraud upon the purchasers of such securities.

103.    By reason of the foregoing, Defendants, ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, have directly or indirectly violated §§ 10(b) of the Securities Act of 1934 and Exchange Act Rule 10B-5(b) [15 U.S.C. § 240.10b-5] and have damaged the Plaintiffs directly and proximately as a result of these violations.

WHEREFORE, Plaintiffs are entitled to recover and demand payment of any and all damages suffered as a result, to include rescission of the unregistered securities sold to Plaintiff and a return of their capital investment(s), any and all lawful interest that the Plaintiffs may be entitled to, attorneys' fees and costs, and any other relief deemed just and proper by this Court.

## COUNT X.   FRAUD IN VIOLATION OF 10(B) AND RULE 10B-5(A) AND (C) OF THE SECURITIES EXCHANGE ACT OF 1934

104.      Plaintiffs, SG FAMILY INVESTMENTS, LLC, HECTOR COLLAZO CANEDO, MANUEL SANCHEZ NAVARRO, NELSON VASCONCELOS, PEDRO RAFAEL TRIAS BETANCOURT, CARLOS LONGO BIXIO, and MANUEL CARVVALHO,   restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the Complaint, as though fully set forth herein.

105.      Defendants, ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, since on or about October of 2017 through present, directly or indirectly by use of the means and instrumentalities of interstate commerce, and of the mails in connections with purchase or sale of securities, knowingly, willingly or recklessly employed schemes or artifices to defraud or engaged in acts, practices, or courses of business which operate or could operate as a fraud or deceit upon any person.

106.      By reason of the foregoing, Defendants, ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, have directly or indirectly violated §§ 10(b) of the Securities Act of 1934 and Exchange Act Rule 10B-5(a) and (c) [15 U.S.C. § 240.10b-5] and have damaged the Plaintiffs directly and proximately as a result of these violations.

WHEREFORE, Plaintiffs are entitled to recover and demand payment of any and all damages suffered as a result, to include rescission of the unregistered securities sold to Plaintiffs and a return of their capital investment(s), any and all lawful interest that the Plaintiffs may be entitled to, attorneys' fees and costs, and any other relief deemed just and proper by this Court.

## COUNT XI.   FRAUD IN VIOLATION OF 17(A)(1) AND (3) OF THE SECURITIES EXCHANGE ACT AS TO ARGYLE

107.     Plaintiffs, SG FAMILY INVESTMENTS, LLC, HECTOR COLLAZO CANEDO, MANUEL SANCHEZ NAVARRO, NELSON VASCONCELOS, PEDRO RAFAEL TRIAS BETANCOURT, CARLOS LONGO BIXIO, and MANUEL CARVVALHO, restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the Complaint, as though fully set forth herein.

108.     Defendant, ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, since on or about May of 2017 through present, directly or indirectly by use of the means and instrumentalities of interstate commerce, and of the mails in connections with purchase or sale of securities, knowingly, willingly or recklessly employed schemes or artifices to defraud or engaged in acts, practices, or courses of business which operate or could operate as a fraud or deceit upon any person.

109.     By reason of the foregoing, Defendants ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL ,have directly or indirectly violated §§ 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1) and (a)(3)] and have damaged the Plaintiffs directly and proximately as a result of these violations.

WHEREFORE, Plaintiffs are entitled to recover and demand payment of any and all damages suffered as a result, to include rescission of the unregistered securities sold to Plaintiff and a return of their capital investment(s), any and all lawful interest that the Plaintiffs may be entitled to, attorneys' fees and costs, and any other relief deemed just and proper by this Court.

## COUNT XII.   FRAUD IN VIOLATION OF 17(A)(2) OF THE SECURITIES EXCHANGE ACT AS TO ARGYLE

110.     Plaintiffs, SG FAMILY INVESTMENTS, LLC, HECTOR COLLAZO CANEDO, MANUEL SANCHEZ NAVARRO, NELSON VASCONCELOS, PEDRO RAFAEL TRIAS

BETANCOURT, CARLOS LONGO BIXIO, and MANUEL CARVVALHO, restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the Complaint, as though fully set forth herein.

111.    Defendants, ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, since on or about October of 2017 through present, directly or indirectly by use of the means and instrumentalities of interstate commerce, and of the mails in connection with purchase or sale of securities, knowingly, willingly or recklessly employed schemes or artifices to defraud or engaged in acts, practices, or courses of business which operate or could operate as a fraud or deceit upon any person.

112.    By reason of the foregoing, Defendants, ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL have directly or indirectly violated §§ 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)] and have damaged the Plaintiffs directly and proximately as a result of these violations.

WHEREFORE, Plaintiffs are entitled to recover and demand payment of any and all damages suffered as a result, to include rescission of the unregistered securities sold to Plaintiffs and a return of their capital investment(s), any and all lawful interest that the Plaintiffs may be entitled to, attorneys' fees and costs, and any other relief deemed just and proper by this Court.

## COUNT XIII. FLORIDA SECURITIES REGISTRATION VIOLATION-RESCISSION AS TO ARGYLE

113.    Plaintiffs, SG FAMILY INVESTMENTS, LLC, HECTOR COLLAZO CANEDO, MANUEL SANCHEZ NAVARRO, NELSON VASCONCELOS, PEDRO RAFAEL TRIAS BETANCOURT, CARLOS LONGO BIXIO, and MANUEL CARVVALHO, restate and incorporate by reference the allegations set forth in paragraphs 1-55 of the Complaint, as though fully set forth herein.

114. This is an Action against Defendants, ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, seeking rescission pursuant to FLA. STAT. § 517.211(1) for failure to register the securities sold to the Plaintiffs.

115. The securities sold to the Plaintiffs are securities under Florida law, and the transactions

through which the sales occurred were not exempt transactions because of the failure to meet the requirements of FLA. STAT. § 517.061(11) with regard to such sales.

116. The Defendants intended to sell the securities to Plaintiffs without registering them with the Florida Office of Financial Regulation, by claiming that the securities would be sold through exempt transactions, to include but not limited to knowingly and falsely claiming that the Plaintiffs were sophisticated investors.

117. However, the Defendants failed to satisfy all statutory requirements for the sale of an exempt security under Florida law, thereby giving each of the Plaintiffs the right to demand the rescission of their respective purchases of shares that currently are owned by each Plaintiff.

118. The following violations of FLA. STAT. § 517.061(11) occurred, each of which when proven shall independently support the remedy of rescission pursuant to:

a. Failure to provide any of the Plaintiffs, or give reasonable access to, full and fair disclosure of all material information underlying the investments in accordance with FLA. STAT. § 517.061(11)(a)3, in as much as the Defendants have failed to provide Plaintiffs with any documentation in support of the nature of their investment(s), the actual use of the funds invested by Plaintiffs, the financial standing of the company from which the alleged securities were being sold;

28

b. Failure to provide any of the Plaintiffs with the Notice of Three (3) Day Right of Rescission, as there were sales to more than five (5) persons in Florida pursuant to FLA. STAT. § 517.061(11)(a)5.

119.     Pursuant to FLA. STAT. § 517.211(1), each of the Plaintiffs demand rescission of their respective shares of the securities and hereby tender their interests in at least the following certificates to Defendants Plaintiffs are each entitled to recover the consideration paid for the securities, plus interest thereon at the legal rate.

120.     Defendants are liable, jointly and severally, to Plaintiffs either directly or indirectly, for the acts alleged in this Complaint as:

a.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL was an employee, owner or agent of ARGYLE COIN LLC;

b.     JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL held himself as officers of ARGYLE COIN LLC;

c.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, held themselves out to have the legitimate authority to sell the securities purchased and close the transaction on behalf of ARGYLE COIN LLC;

d.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, managed or operated the entities created for the investments;

e.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, participated in the sale of securities;

f.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, aided in making the sale of the securities; and

g.     Defendants, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and

JONATHAN SEIGEL, and/or ARGYLE COIN LLC were the seller of the securities.

121.     Pursuant to FLA. STAT. § 517.211(6), Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees for their successful prosecution of these claims.

WHEREFORE, the Plaintiffs demand judgment for rescission against Defendants, jointly and severally, including recovery of monies paid for purchases of securities, interest, costs, attorneys' fees and costs, and any other relief deemed just and proper by this Court.

## COUNT XIV.   FLORIDA SECURITIES FRAUD AGAINST DEFENDANTS SEEKING DAMAGES AS TO ARGYLE

122.     Plaintiffs, SG FAMILY INVESTMENTS, LLC, HECTOR COLLAZO CANEDO, MANUEL SANCHEZ NAVARRO, NELSON VASCONCELOS, PEDRO RAFAEL TRIAS BETANCOURT, CARLOS LONGO BIXIO, and MANUEL CARVVALHO, restate and incorporate by reference the allegations set forth in paragraphs 1-55, as though fully set forth herein.

123.     This is an Action for violations of FLA. STAT. § 517.301, pursuant to FLA. STAT. §

124.     517.211(2).

125.     The shares in ARGYLE COIN LLC constitute a security under Florida law.

126.     Defendants, JOSE AMAN, JONATHON SEIGEL, and HAROLD E. SEIGEL, each as an Individual and as an officer, director, and as an alleged majority shareholder of ARGYLE COIN LLC, made false representations to the Plaintiffs or omitted key investment information, including but not limited to that:

a.      Plaintiffs' investment capital was not at risk;

b.      Plaintiffs would receive an eight percent (8%) return in the first twelve (12) months and should they keep the security, an additional two percent (2%) at the end of a twenty-four (24) month period;

c.      Plaintiffs would receive dividends and be returned their money by the end of

five (5) years should certain if ARGYLE ceased to exist or the market value of the coin never exceeds $49.99 on any one-day period within the 5 years;

d.      That the securities were properly registered or exempt from registration;

e.      That ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL would provide each Plaintiff with detailed financial accountings for their investments;

f.      That the individual Defendants had experience in the diamond, jewelry and cryptocurrency industries, such as the ones the Plaintiffs were investing in.

g.      The actual real operating history of ARGYLE COIN LLC, was fraudulently exaggerated by the individual Defendants.

h.      Potential increases in development and diamond development costs;

i.      Adverse changes in the general economic conditions that would affect the investment;

j.      Changes in applicable government regulations and applicable laws;

k.      The financial structure of ARGYLE COIN LLC, to include the reliance upon other investors to pay promised dividends or buy back shares (i.e. that it was basically a fraudulent Ponzi Scheme);

l.      The Plaintiffs' rights of rescission; and

m.      The real liquidity in the Plaintiffs' investment and actual use of their funds.

127.    The false representations and omissions were material to the Plaintiffs' decisions to invest and purchase securities.

128.    JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL knew or should have known, in the exercise of reasonable care, that the misrepresentations

and omissions were false and materially misleading.

129.   JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL knew or should have known, that he had a duty to disclose accurate and complete information.

130.   JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL caused the omission of accurate complete information.

131.   JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL intended that the Plaintiffs rely on the representations and omissions.

132.   Plaintiffs justifiably relied to their detriment and changed their economic positions based on the representations and /or omissions.

133.   Based on the foregoing allegations ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL, either directly or indirectly, employed a device scheme, and artifice to defraud the Plaintiffs in connection with the offer and sale of the shares, which are securities under Florida law, in violation of FLA. STAT. § 517.301(1)(a)1.

134.   ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL's collective and individual actions violated FLA. STAT. § 517.301(1)(a)2 because they (JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL as agents for ARGYLE COIN LLC used untrue statements of material fact and omitted material facts necessary in order to make the actual statements made seem misleading, in light of the trust from the Plaintiffs intentionally cultivated by JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL.

135.   ARGYLE COIN LLC, JOSE AMAN, XIOMARA AMAN, HAROLD SEIGEL, and JONATHAN SEIGEL's actions violated FLA. STAT. § 517.301(1)(a)3 because those actions

resulted in Defendants engaging transactions, practices, or the course of business which operated as a fraud or deceit upon the Plaintiffs.

136.    Plaintiffs are entitled to recover the consideration paid for the securities plus interest thereon at the legal rate.

137.    Pursuant to FLA. STAT. § 517.211(6), Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees for their successful prosecution of these claims.

WHEREFORE, the Plaintiffs demand judgment for rescission against Defendants, jointly and severally, including recovery of monies paid for purchases of securities, interest, costs, attorneys' fees and costs, and any other relief deemed just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

DATED: July 12, 2019

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiffs*
4937 SW 74th Court, No. 3
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperezlaw@gmail.com
Secondary E-Mails: ajperez@lawgmp.com;
aquezada@lawgmp.com; bvirues@lawgmp.com

BY: */s/ Anthony J. Perez*
        ANTHONY J. PEREZ
        Florida Bar No.: 535451
        BEVERLY VIRUES
        Florida Bar No.: 123713